Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

NATHAN WEBER et al., Copartners under the Firm Name of WEBER, LEVY Co., Appellants, *v.* HOSIERY MANUFACTURERS CORPORATION, Respondent.

*Contract — sale — pleading — complaint dismissed as not stating cause of action under section 144 of Sale of Goods Act.*

*Weber v. Hosiery Manfrs. Corpn.*, 207 App. Div. 856, affirmed.

(Argued January 18, 1924; decided February 26, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 12, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover upon an alleged contract for the purchase and sale of goods. The complaint was dismissed upon the ground that it did not state a cause of action under section 144 of the Sale of Goods Act.

*Otto C. Sommerich* for appellants.

*Frederick M. Czaki* and *Marion Erwin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JAMES E. SMITH, Respondent, *v.* MICHELIN TIRE COMPANY, Appellant.

*Contract — master and servant — action by employee to recover money alleged to be due under contract of employment — defense that employee had violated provision that he would not engage in similar business for three years after termination of employment — unreasonableness of such provision.*

*Smith v. Michelin Tire Co.*, 206 App. Div. 753, affirmed.

(Submitted January 18, 1924; decided February 26, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered August 20, 1923, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court in an action by plaintiff against his former employer, a tire manufacturing company which does business in France, England, Italy and the United States, for money said to be due as part of a special or credit fund established under a written contract of employment. Defendant set up as a defense plaintiff's non-performance of one of the conditions of the same contract in which he agreed not to " engage or in any way whatsoever be interested in the manufacture or sale or study of articles of the same kind or class or at all similar to anything manufactured or sold or studied by the Michelin Tire Company " during, and for three years after the termination of, his employment by his company, which is the defendant. Plaintiff conceded that during the greater part of the three years which followed his separation from the defendant he was employed by various tire companies in the same territory, viz., New York city, and thus violated the terms of the restrictive clause above quoted, but contended that the provision in question was void for unreasonableness.

*Frederic R. Coudert* and *Mahlon B. Doing* for appellant.
*Bartholomew B. Coyne* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: CARDOZO and LEHMAN, JJ.

---

THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 1 OF THE TOWN OF LIBERTY, Respondent, *v.* ANNA L. HOYT, Appellant.

(Argued February 18, 1924; decided February 26, 1924.)

Motion for re-argument denied, with ten dollars costs and necessary printing disbursements. (See 237 N Y. 519.)